IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES B. POLK, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 20-0093-WS-M |
| | ) |
| TU JA BANG, *et al.*, | ) |
| | ) |
|    Defendants. | ) |

**ORDER**

     This matter comes before the Court on Plaintiff's Motion to Remand (doc. 5) this action to the Circuit Court of Mobile County, Alabama. The Motion has been briefed and is now ripe.

**I.    Background.**

     Plaintiff, James B. Polk, filed suit against Tu Ja Bang, DH Transportation, and certain fictitious defendants in state court. According to the well-pleaded factual allegations of the Complaint, Polk was driving northbound on Interstate 65 in Mobile County, Alabama on December 9, 2017, when he slowed for traffic in front of him. The Complaint alleges that defendant Bang, who was behind Polk, failed to yield the right of way, struck the rear of Polk's vehicle, and pushed Polk's vehicle into a concrete center divider. (Doc. 1-1, PageID.12.) The Complaint further alleges that defendant DH Transportation owned and/or had custody or control of the vehicle being driven by Bang. (*Id.*, PageID.14.) On that basis, Polk asserts purely state-law claims against Bang for gross negligence and wantonness/recklessness (on theories that Bang refused to keep a proper lookout, drove while distracted, refused to maintain control of his vehicle, failed to yield the right of way, and engaged in other unsafe and unreasonable acts and omissions), and against DH Transportation for negligent/wanton entrustment/supervision.

     Polk's Complaint did not demand a specific sum of damages; however, it enumerated Polk's injuries and damages as including "severe pain and injury, medical expenses, lost wages, permanent impairment, loss of enjoyment of life, and other damages harms and losses" from which Polk will suffer "for an indefinite period of time in the future." (*Id.*, PageID.12.) The

Complaint specified that Polk "is an adult resident of Mobile County, Alabama;" that Bang "is an adult resident of DeKalb County, Georgia;" and that DH Transportation "is a foreign corporation." (*Id.*)

On February 19, 2020, defendant Bang (the driver of the other vehicle) filed a Notice of Removal (doc. 1) removing this action to this District Court pursuant to the diversity provisions of 28 U.S.C. § 1332.[1]  Plaintiff now seeks to remand the action to state court, arguing that Bang has failed to establish the requisite amount in controversy for § 1332 jurisdiction to attach.

## II. Analysis.

Under § 1332, federal courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *See Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010) ("For federal diversity jurisdiction to attach, all parties must be completely diverse … and the amount in controversy must exceed $75,000.") (citations omitted). "In light of the federalism and separation of powers concerns implicated by diversity jurisdiction, federal courts are obligated to strictly construe the statutory grant of diversity jurisdiction … [and] to scrupulously confine their own jurisdiction to the precise limits which the statute has defined." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1268 (11th Cir. 2000) (citations omitted).

As the removing party, Bang bears the burden of showing by a preponderance of the evidence that the amount-in-controversy threshold is satisfied. *See Dudley v. Eli Lilly and Co.*, 778 F.3d 909, 913 (11th Cir. 2014) ("We have repeatedly held that the removing party bears the burden of proof to establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum."). That said, a removing defendant is "not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). Rather, Bang may meet his burden by showing either that it is "facially apparent from the pleading itself that the amount in

---

[1] Nothing in the court file suggests that defendant DH Transportation has ever been served with process in this matter. Plaintiff is cautioned that failure to file proof of service as to that defendant in a prompt manner will result in entry of an order to show cause why plaintiff's claims against defendant DH Transportation should not be dismissed without prejudice pursuant to Rule 4(m), Fed.R.Civ.P.

controversy exceeds the jurisdictional minimum," or that there is "additional evidence demonstrating that removal is proper." *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (citations omitted). What a defendant may not do, however, is resort to "conjecture, speculation, or star gazing" to show that the jurisdictional threshold is satisfied. *Pretka*, 608 F.3d at 754. In evaluating the sufficiency of a removing defendant's jurisdictional showing, courts need not "suspend reality or shelve common sense," but instead "may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe*, 613 F.3d at 1062.

In his Motion to Remand, plaintiff correctly observes that the Complaint contains precious little in the way of specific information that might buttress defendant's argument that the amount in controversy more likely than not exceeds the sum or value of $75,000, exclusive of interest and costs. At most, the Complaint sets forth only general statements that Polk's damages include severe pain and injury, medical expenses, lost wages, permanent impairment, and loss of enjoyment of life, without any substantive allegations that might facilitate any meaningful judicial assessment of whether Polk's injuries and damages are sufficiently severe to implicate the jurisdictional minimum amount in controversy. On that basis, the Court agrees with plaintiff that the removing defendant cannot meet his burden of proof under the "facially apparent" prong of the test, as described in *Roe*.

In response to plaintiff's jurisdictional challenge, however, defendant comes forward with substantial "additional evidence demonstrating that removal is proper," as authorized by the Eleventh Circuit. Indeed, it is well settled that "[a] court may rely on evidence put forward by the removing defendant, as well as reasonable inferences and deductions drawn from that evidence, to determine whether the defendant has carried its burden." *South Florida Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014) (citation omitted). Included in that evidence is a letter from plaintiff's counsel indicating that Polk suffers from "severe neck and back pain" as a result of the subject automobile accident, that those injuries have made "Mr. Polk's life very painful and difficult," that Polk faces a daily "struggle of pain, immobility and difficulties," that his injuries in the crash "have affected him in every aspect of his life" including his career and daily activities, and that he "will likely suffer from these injuries and require treatment in the future." (Doc. 8-7, PageID.103-04.) The same letter documents Polk's hard damages as of August 2018 as encompassing nearly $5,000 in medical bills, $6,000 worth of

tools that were lost/destroyed in the wreck, and the total loss of the van valued at nearly $12,000, plus unspecified lost wages.  (Doc. 8-5; doc. 8-7, PageID.104.)  Defendant also submits medical records reflecting that, some two months after the accident, Polk saw his orthopedist with ongoing complaints about lumbar and left knee pain relating to the accident and that Polk reported back pain at a level of 5/10, with the pain limiting his ability to sleep and to work, more than three months after the accident (with pain aggravated by activities such as sitting and driving).  (Docs. 8-3 & 8-4, PageID.99-100.)

Furthermore, Bang files copies of plaintiff's demand letters to show that the amount in controversy exceeds $75,000.  In particular, defendant points to an email dated August 9, 2018, in which Polk's counsel demanded the sum of $500,000 to settle his claims, and an email dated September 9, 2018, in which Polk's counsel demanded the sum of $150,000.  (Docs. 8-8 & 8-9, PageID.106-07.)  Settlement demands are properly considered in the amount-in-controversy calculus, with the caveat that they may be entitled to little weight if they are the product of puffery and posturing.  *See, e.g., Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994) ("[w]hile [a] settlement offer, by itself, may not be determinative, it counts for something"); *Nationwide Property and Cas. Ins. Co. v. Dubose*, 180 F. Supp.3d 1068, 1072 (S.D. Ala. 2016) ("it is equally true that the utility of such demands in the jurisdictional analysis varies widely depending on the circumstances"); *Hardy v. Jim Walter Homes, Inc.*, 2007 WL 1889896, *6 n.11 (S.D. Ala. June 28, 2007) ("To be sure, this settlement offer is not dispositive of the amount in controversy issue, but it is evidence that is properly considered.").

Finally, it bears noting that Polk's Complaint specifically seeks punitive damages against both Bang and DH Transportation.  Of course, a mere request for punitive damages does not automatically vault a complaint over the jurisdictional threshold for amount in controversy.  *See, e.g., McCaskey v. GEICO Ins. Co.*, 2020 WL 1171945, *7 (S.D. Ala. Mar. 11, 2020) ("Without additional proof and evidentiary documentation, a claim demanding punitive damages … is not automatically deemed to exceed $75,000 and become removable."); *Ward v. Boston Scientific Corp.*, 2018 WL 6696679, *3 n.4 (S.D. Ala. Dec. 19, 2018) ("the mere fact that a plaintiff demands punitive damages does not automatically render the § 1332 amount-in-controversy requirement satisfied").  But defendant presents evidence showing Polk's specific theory for punitive damages in this case, to-wit: Plaintiff's counsel's demand letter alleging that defendant Bang "was not paying attention to the roadway despite the unusually icy and snowy conditions

that were occurring in South Alabama the day before.  As the driver of a large commercial vehicle, he should have not been driving on the icy roadway that morning." (Doc. 8-7, PageID.103.)  Such allegations, if proven, would show a degree of reprehensibility that could reasonably support a substantial punitive damages award.  *See generally Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1283 (11th Cir. 2008) ("The dominant consideration in the evaluation of a punitive damages award is the reprehensibility of the defendant's conduct.").

Faced with the removing defendant's substantial evidentiary showing that the amount in controversy is indeed satisfied here, Polk remains silent.  Indeed, despite an opportunity to do so, plaintiff elected not to file any reply to Bang's evidentiary submission as to amount in controversy.  On this record, considering all aspects of the damages claimed by Polk and defendant's additional evidence filed in opposition to the Motion to Remand, and with due regard for considerations of judicial experience and common sense, the Court concludes that Bang has met his burden of showing by a preponderance of the evidence that the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.  When coupled with the undisputed evidence that there is complete diversity of citizenship (*i.e.*, that Polk is a citizen of Alabama, while defendant Bang is a Georgia citizen and defendant DH Transportation is a Georgia corporation with its principal place of business located in Clayton County, Georgia), defendant's evidence of amount in controversy establishes that all jurisdictional prerequisites for the exercise of diversity jurisdiction pursuant to 28 U.S.C. § 1332 are present here.  Accordingly, there was a proper jurisdictional basis for removal of this action to federal court.

**III.   Conclusion.**

For all of the foregoing reasons, plaintiff's Motion to Remand (doc. 5) is **denied**.  The parties having submitted their Rule 26(f) Report (doc. 9) last week, this matter is referred to Magistrate Judge Milling for entry of a Rule 16(b) Scheduling Order.

DONE and ORDERED this 20th day of April, 2020.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE